IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DONNELLE FLOYD, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| PIEDMONT AIRLINES, | ) Civil Action No. 3:26-cv-00194<br>) |
| Defendant. | )<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant Piedmont Airlines, Inc., by and through undersigned counsel, hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to the United States District Court for the Western District of North Carolina, and as grounds therefore states:

**I.    Timeliness of Removal**

1. Plaintiff filed a Complaint on January 15, 2026, in the General Court of Justice, Superior Court Division, for Mecklenburg County, North Carolina, designated as Case No. 26CV002549-590.

2. On February 10, 2026, Defendant received a copy of a Summons issued by a Deputy Clerk for the Mecklenburg County Superior Court and a copy of a document titled "Final Complaint." Defendant is removing this case to this Court within 30 days of purported service of these documents. *See* 28 U.S.C. § 1446(b).

3. Copies of the "Final Complaint" and Summons received by Defendant are attached as **Exhibit 1**, as required under 28 U.S.C. § 1446(a). No other process, pleadings, or orders have been served upon Defendant in this action to date.

4. The "Final Complaint" sent to Defendant is not the same document as the Complaint that Plaintiff filed on January 15, 2026, with the Mecklenburg County Superior Court, nor does it appear to have been filed with any court. A true and correct copy of the Complaint Plaintiff filed with the Mecklenburg County Superior Court, as available on the public docket, is attached hereto as **Exhibit 2** (hereinafter ("Compl.").)

## II. Venue

5. The General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina, is located within the Charlotte Division of the United States District Court for the Western District of North Carolina. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. Basis for Removal: Diversity Jurisdiction

6. There is complete diversity of citizenship between Plaintiff and Defendant pursuant to 28 U.S.C. § 1332(a) and (c)(1), and the amount in controversy exceeds $75,000.00 based on the face of the Complaint.

7. Plaintiff alleges that he is a citizen of the State of North Carolina. (*See* Compl. ¶ 1.1.)

2

8. Defendant is a business incorporated under the laws of the state of Maryland and has its principal place of business in Salisbury, Maryland.[1] *See* 28 U.S.C. § 1332(c)(1).

9. Because Plaintiff and Defendant are citizens of different states, the complete diversity requirement is satisfied.

10. The face of the Complaint Plaintiff filed with the Mecklenburg County Superior Court alleges that he is seeking damages in the sum of $250,000, which he alleges is based on his lost wages; lost employment benefits; lost company-account funds; lost future earnings and employment opportunities; emotional distress, humiliation, and reputational harm; and requested punitive damages.[2] While Defendant denies that Plaintiff is entitled to any damages whatsoever, the face of Plaintiff's Complaint satisfies the amount-in-controversy requirement.

11. Accordingly, the case may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## IV. Conclusion

11. In accordance with 28 U.S.C. § 1446, copies of this Notice of Removal will be promptly served upon Plaintiff and filed with the Clerk of Superior Court for Mecklenburg County,

---

[1] While Plaintiff's filed Complaint and the "Final Complaint" allege that Defendant is a North Carolina resident, it is not. *See* **Exhibit 3**, North Carolina Secretary of State Business Filing. The Court can take judicial notice of the same. *See Hesed-El v. Worker*, No. 1:21-cv-00305-MR-WCM, 2022 U.S. Dist. LEXIS 170267, at *23 (W.D.N.C. July 12, 2022) (taking judicial notice of facts drawn from the North Carolina Secretary of State's corporate database).

[2] While the "Final Complaint" Plaintiff sent to Defendant only identifies enumerated damages in the form of "lost wages of $19,638.80," "lost flight benefits of $32,500," and "$800 in company funds," (totaling $52,938.80 in damages), Plaintiff also alleges that he suffered reputational and emotional harm that would allow his potential damages to eclipse the $75,000 amount-in-controversy requirement. (Ex. 1, pp. 5, ¶¶ 17–20); *see Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, No. 1:19CV210, 2019 U.S. Dist. LEXIS 113424, at *6 (M.D.N.C. July 9, 2019) (noting that where a complaint leaves the amount of damages unspecified, the amount-in-controversy requirement is met if the preponderance of evidence supports damages exceeding $75,000); *White v. Newrez, LLC*, No. 2:21-cv-00444, 2022 U.S. Dist. LEXIS 99565, at *4, 7 (S.D.W. Va. June 3, 2022) (denying motion to remand where plaintiff's complaint requested up to $55,000 in statutory damages, plus attorney's fees, punitive damages, and emotional damages because, when combined, her damages could exceed $75,000 in controversy).

North Carolina. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently submitting a Notice of Filing of Notice of Removal for filing with the Clerk of Court for the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina. (*See* **Exhibit 4**.)

12. By removing this matter, Defendant does not waive or intend to waive any defense, including, but not limited to, insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant removes this case and respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina.

Dated this the 12th day of March, 2026.

/s/Elizabeth R. Gift
Elizabeth R. Gift (N.C. Bar No. 44331)
Peter C. Rathmell (N.C. Bar No. 61961)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
201 South College Street, Ste. 2300
Charlotte, NC 28244
Telephone: (704) 405-3135
elizabeth.gift@ogletree.com
peter.rathmell@ogletree.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I, Elizabeth Gift, hereby certify that on March 12, 2026, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and will serve the below individual via U.S. regular and certified mail, return receipt requested:

Donnelle Floyd
855 Nottingham Drive, #67
Gastonia, NC 28054
(980) 230-8018

*Pro se Plaintiff*

This the 12th day of March, 2026.

/s/Elizabeth R. Gift
Elizabeth R. Gift (N.C. Bar No. 44331)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Ste. 2300
Charlotte, NC 28244
Telephone: (704) 405-3135
elizabeth.gift@ogletree.com